```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA,       :

        - v -                   :
                                        19 CR. 488 (VSB)
KEENAN CARROLL,                 :

                                :

                    Defendant. :
-------------------------------X
```

# SENTENCING LETTER

 

**DAVID E. PATTON, ESQ.**
Federal Defenders of New York
Attorney for Defendant
   **KEENAN CARROLL,**
52 Duane Street - 10th Floor
New York, NY 10007
Tel.: (212) 417-8700

**ROBERT M. BAUM, ESQ.**

    Of Counsel


TO:  Audrey Strauss, Esq.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, NY 10007

     Attn: **Kedar Bhatia Esq.**
         Assistant United States Attorney

March 5, 2021

**BY ECF AND EMAIL**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square Room 415
New York, New York 10007

**Re:   United States v. Keenan Carroll**
       19 Cr. 488 (VSB)

Dear Judge Broderick,

   Keenan Carroll's tragic childhood and teenage years was so traumatic and dysfunctional that it could have destroyed his life. Nevertheless, he persevered. Keenan still managed to obtain a high school diploma and has become a loving and devoted father for his two young children. Recognizing how his tragic past has impacted on his present criminal conduct, Probation has recommended a downward variance from the guidelines range. We agree that a variance is warranted and respectfully urge the Court to impose a sentence of Time Served, also adopting Probation's recommendation of 2 years  supervised release.

       Dr. Goldsmith's evaluation is based on interviews with Mr. Carroll as well as documentation from hospital and school records.

       Despite Mr. Carroll's history,

   Mr. Carroll is married but separated from his wife. Mr. Carroll sees his children just about every week and spends as much time with them as possible. His wife indicates that even if divorced she wants him to have joint custody because of his dedication and love for his children. He also attempts to provide financial support whenever possible. His wife described their relationship now as stronger than it was when they were married, a sign of Mr. Carroll's growth and maturity.

Keenan's father spent two decades in the military, including two tours in Afghanistan, but this background did not prepare him for raising a child, whom he treated with aggression and occasionally

Honorable Vernon S. Broderick                    Page 2
United States District Judge                     March 5, 2021
Southern District of New York

**Re:  United States v. Keenan Carroll**
      **19 Cr. 488 (VSB)**

uncontrolled anger. Eventually, Keenan was sent to live with his grandmother and uncle. Once again, his life did not improve.
   When Keenan eventually went back to live with his mother, she threw him out of the house at age 18, causing him to live in a homeless shelter. It was at the shelter, that he eventually met his wife.


   When Keenan was asked during his interview with Probation, about future goals, his response was direct and heartfelt. He said that he would like to gt his life back in order, obtain his OSHA 30 license, and continue to receive mental health treatment. PSR at ¶52. He further stated, "he wants to be an honorable man for his children." Id.


   Mr. Carroll's father has written to the Court on behalf of his son, in an extraordinary and candid assessment of his role in his son's upbringing, and development. See Defense Exhibit B. Mr. Carroll Sr. has served his country well in 20 years of military service. He is too modest to write about his military achievements, but has candidly written about his failures in raising his son.

   Mr. Carroll writes that Keenan is a product of "two uniquely and substantially dysfunctional parents (his mother and I) who didn't have a clue what a functioning family unit looked like or how it was supposed to work. He writes that he treated his son as if he were one of the soldiers he was training and correcting. He acknowledges that he was insensitive and unsympathetic to Keenan's emotional needs at critical times.

   Mr. Carroll calls his son a man of both physical and moral courage. He provides examples of how once his son, a passenger in a car involved in an accident, pulled three other people out of that car to save them. He recalls the time that Nashville, TN., had the "100 Year Flood," and his son left his father to assist people whose cars were trapped in the flood waters. He asks the Court to recognize these qualities as well as the mistakes made which may have shaped his conduct through no fault of his son. He believes that his son is at a turning point in his life.

Honorable Vernon S. Broderick                      Page 3
United States District Judge                      March 5, 2021
Southern District of New York

**Re:** **United States v. Keenan Carroll**
       **19 Cr. 488 (VSB)**

      Mr. Carroll Sr. is no doubt a very proud and honest man, who is just recently trying to reconnect with the son he loves very much and he desperately believes that if his son is given a chance to succeed he will do so.

      Mr. Carroll should not have possessed a firearm. He knows that. He deeply regrets that he took that firearm that night. Almost immediately after his arrest, he admitted possession. The Court should also know that based on laboratory tests, provided to the Defense, the firearm was unloaded, having no magazine and no ammunition.

      Mr. Carroll has one prior conviction for attempted robbery, by aiding and abetting another individual who committed the robbery by holding an air pistol pointed at the victim. Keenan received a sentence of 5 years Probation. Mr. Carroll is in Criminal History Category I.

      In reviewing the PSR, we found several errors in Paragraph 28 that require changes. In Paragraph 28, recounting Mr. Carroll's conviction for attempted robbery, Probation indicates that Keenan was 19 years old. He in fact was 18 years old at the time of the arrest. If you review his date of birth and the date of arrest, it confirms that he was 18 years old, and not 19 years old.

      In addition, in describing the facts underlying the conviction, (Paragraph 28), Probation mistakenly writes that Keenan pointed a gun at the victim and that he was also observed discarding a firearm. There was no firearm and it was Mr. Carroll's co-defendant that pointed what appeared to be a firearm at the victim. The weapon used by Mr. Carroll's co-defendant was an air pistol. Counsel has reviewed the Criminal Complaint filed in this case charging Mr. Carroll with acting in concert with Lee Rhames. (State Court Docket Numbers 2012BX033271-272). In a sworn affidavit, the arresting officer Raymond Aquino of the NYPD, 47th Precinct, states that on June 6, 2012, he is "informed by P.O. Kelvin Azuna of 47 Pct, Shield# 23907 that he observed(Emphasis added).

Honorable Vernon S. Broderick                           Page 4
United States District Judge                            March 5, 2021
Southern District of New York

**Re:    United States v. Keenan Carroll**
      **19 Cr. 488 (VSB)**

      In addition, the affidavit states that PO Aquino is informed by Henry Martinez, (the victim), that Rhames said "GIVE ME EVERYTHING YOU GOT while holding what appeared to be a black firearm and pointing said firearm at informant."

      In addition, Mr. Carroll objects to the Special Condition in the PSR (at p. 23), which recommends that the Court order Mr. Carroll's "computer, other electronic communication, data storage devices, cloud storage or media, and effects," be subject to a search provision by Probation.

      This special condition is not reasonably related to the offense of conviction or Mr. Carroll's history and circumstances. It is recommended to be imposed generally, on individuals who have been convicted of sex offenses. See U.S.S.G. §5D1.3(7)C. Mr. Carroll of course has been convicted of possession of a firearm, with no allegation that electronic devices are connected to the commission of this offense. Accordingly, special conditions which are unrelated to the offense of possession of a firearm should not be imposed.

      We acknowledge that the Court has broad discretion to tailor conditions of supervised release to the goals and purposes outlined in U.S.S.G. §5D1.3(b). United States v. Amer, 110 F.3d 873, 883 (2d Cir. 1997). However, the Court may impose special conditions only where they are reasonably related to the factors set forth in 18 U.S.C. §3553(a), and they involve no greater deprivation of liberty than is reasonably necessary, and is consistent with any pertinent policy statements issued by the Sentencing Commission. See 18. U.S.C. §3583(d)(1), (2) and (3). The district court's discretion is not "untrammeled," (United States v. Myers, 426 F.3d 117, 124 (2d Cir. 2005)), and will be carefully scrutinized for unusual or severe conditions. Id. at 124.

      Probation recommended the special condition set forth above which is usually associated with sex offenses. However, it is apparent that neither Mr. Carroll's current offense or any past offense he may have committed relates to a "sex offense" as defined by §5D1.2 Application Note 1. We do not suggest that the Court does not have the authority to impose a special condition even if a defendant is not convicted of a sex offense. We merely

Honorable Vernon S. Broderick  Page 5
United States District Judge  March 5, 2021
Southern District of New York

**Re:  United States v. Keenan Carroll**
      **19 Cr. 488 (VSB)**

point out that Probation provides no justification for such intrusive conditions.

The Guidelines recommend that the Court may impose discretionary conditions to the extent that the conditions are reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant. U.S.S.G. §5D1.3(b).

Accordingly, the special condition and restriction recommended for Mr Carroll should not be imposed because it is not reasonably related to either his offense of conviction or history or circumstances and involves a deprivation of his liberty greater than is reasonably necessary.

**CONCLUSION**

In recommending a downward variance, Probation writes that "due to the defendant's lack of guidance as a child and his psychiatric and mental health needs, a sentence within the Guidelines Range may be greater than necessary to achieve the sentencing goals outlined in 18 USC 3553." PSR at 89. We agree with the assessment that a downward variance is warranted and that a sentence of Time Served is "sufficient, but not greater than necessary" to achieve the goals of the Sentencing Reform Act. Based on the extraordinary mitigating circumstances regarding Mr. Carroll's background, and the likelihood that specific deterrence has been achieved following his arrest, a sentence of Time Served is warranted. Mr. Carroll's continued treatment out of prison, the progress he has made, and his continued dedication to his children, should not be interrupted by a jail sentence that will impair his ability to successfully integrate into the community and demonstrate, during a period of supervision, that he has indeed turned the page on a tragic chapter in his life.

Respectfully submitted,

Robert M. Baum
Assistant Federal Defender

Honorable Vernon S. Broderick                Page 6
United States District Judge                 March 5, 2021
Southern District of New York

**Re:   United States v. Keenan Carroll**
      **19 Cr. 488 (VSB)**


cc:  Kedar S. Bhatia, Esq.
     Assistant United States Attorney